# CONCURRING OPINION

No. 04-10-00199-CV

**SYLVIA S. ROMO, BEXAR COUNTY TAX ASSESSOR - COLLECTOR**,
Appellant

v.

**CAVENDER TOYOTA, INC.**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-10774
Honorable Larry Noll, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice
Concurring Opinion by:  Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
            Steven C. Hilbig, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  October 20, 2010

Although I must reluctantly agree with the majority based on existing law, I write separately because granting the tax assessor–collector immunity works an injustice upon businesses that are forced to rely on their local taxing units.

Because section 501.137 does not show the Legislature "clearly and unambiguously" or "without doubt" intended to waive the tax assessor–collector's immunity, immunity is not waived.  *See* TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2010); *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009).   This seems incongruous with the Legislature's adoption of statutes requiring a tax assessor-collector to post an official bond and to be liable on those bonds for any damages a taxpayer suffers as a result of the tax assessor-collector's failure to comply with its statutory duties, one of which is to issue certificates of title, noting any liens thereon.  *See* TEX. TRANSP. CODE ANN. § 501.024(a) (West 2007) (stating

county assessor-collector who receives application for certificate of title shall issue title receipt on which is noted all required statutory information, including statement of existence of each lien). This is particularly true given that owners of motor vehicles, including car dealerships, *must* apply to the assessor-collector for their certificates of title, pay a fee, and per force rely upon the information contained in the certificate of title issued by the assessor-collector. *See id*. §§ 501.023, 501.0234 (West Supp. 2010).

To, in essence, punish businesses for their forced reliance on certificates of title that an assessor-collector is statutorily required to issue, noting any liens thereon, cannot have been the intent of the Texas Legislature. To prevent this from occurring, however, the Legislature will have to revisit the wording of section 501.137 of the Transportation Code, and make it "clear and unambiguous" that immunity from suit and liability is waived, and that tax assessor-collectors are liable in damages to those to whom they provide inaccurate information that results in damages. Otherwise, Texas citizens and businesses are forced to rely upon their assessor-collector, knowing the assessor-collector will face no consequences for their mistakes or the damages resulting therefrom.

Marialyn Barnard, Justice